UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE ANGEL MORAL VIELMA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1375

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing under § 1226(a). (Pet., ECF No. 1, PageID.18.)

In an Order entered on April 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) On May 4, 2026, Respondents filed a motion to dismiss

Petitioner's § 2241 petition (Mot., ECF No. 5) and a response, (Resp., ECF No. 6). Petitioner filed his reply on May 8, 2026. (ECF No. 7.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 1-1, PageID.20.) Petitioner entered the United States on May 17, 2023, at the Paso Del Norte Port of Entry in El Paso, Texas. (*Id.*) Petitioner was then paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), until May 15, 2024. (*Id.*; Form I-94, ECF No. 6-3, PageID.72 (indicating that Petitioner's "Class of Admission" is "DT"[1]).)

On March 2, 2026, ICE agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 6-4, PageID.75.) Petitioner was scheduled to appear before the Detroit Immigration Court for a master hearing on April 29, 2026.[2] (Notice of Internet-Based Hearing, ECF No. 6-6, PageID.82.)

On April 23, 2026, Petitioner filed a § 2241 petition challenging his detention without a bond hearing in *Mora Vielma v. Unknown Party*, 1:26-cv-1325 (W.D. Mich.).[3] In *Mora Vielma*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28

---

[1]  *See* United States Citizenship and Immigration Services Guidance Website, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies (under "Non-Categorical Parole" heading, select "What does 'Non-Categorical Parole' mean?") ("Aliens who are outside of the United States may request to be paroled into the United States based on urgent humanitarian reasons or a significant public benefit. These aliens are not paroled into the United States under a categorical parole program or process. Often, the Class of Admission (COA) for these aliens is 'DT' though other parole related COAs may have been used.").

[2] The parties do not provide any other information about the April 29, 2026, hearing.

[3] The Petitioner's surname in *Mora Vielma v. Unknown Party*, 1:26-cv-1325 (W.D. Mich.), is not identical to Petitioner's surname in the instant petition, but other identifying facts, such as Petitioner's "A number," are identical, indicating that the petitioner in both cases is the same person. (*See* NTA, ECF No. 1-1, PageID.20); Pet., *Mora Vielma*, (W.D. Mich. Apr. 23, 2026), (ECF No. 1, PageID.1). Indeed, documentation Petitioner submitted in the instant action identifies Petitioner as "Jose Angel Mora Vielma." (NTA, ECF No. 1-1, PageID.20.)

U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Mora Vielma*, (W.D. Mich. May 7, 2026), (ECF Nos. 8, 9). On May 14, 2026, Petitioner received a bond hearing in the Detroit Immigration Court. Status Rep., *Mora Vielma*, (W.D. Mich. May 15, 2026), (ECF No. 10, PageID.124); Order Immigration Judge, *Mora Vielma*, (W.D. Mich. May 15, 2026), (ECF No. 10-1, PageID.126). Following the bond hearing, the Immigration Judge entered an order denying Petitioner's request for bond. Order Immigration Judge, *Mora Vielma*, (W.D. Mich. May 15, 2026), (ECF No. 10-1, PageID.126).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When

the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Discussion

As relief in this action, Petitioner asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing under § 1226(a). (Pet., ECF No. 1, PageID.18.) In a separate case, the Court entered an Opinion and Judgment directing Respondents to provide Petitioner with a bond hearing pursuant to § 1226(a), and on May 14, 2026, Petitioner received a bond hearing in the Detroit Immigration Court. Op. & J., *Mora Vielma*, (W.D. Mich. May 7, 2026), (ECF Nos. 8, 9). In light of that Judgment, which provided Petitioner the relief that he now seeks in the instant § 2241 petition, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[4]

## V.    Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[5]

Dated:    May 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

[4] Petitioner is free to challenge the nature of the bond hearing held in response to that judgment; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the May 14, 2026, bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

[5] The resolution of this case, as set forth in this opinion, moots Respondents' pending motion to dismiss.

4